UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62653-Civ-MARRA/BRANNON

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

SCOTT REISMAN,

    Defendant.
_____/

## ORDER AND OPINION GRANTING SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion For Summary Judgment [DE 14].  Despite ample notice,[1] no response to the motion has been filed.  As such, this case is ripe for adjudication.  The Court has carefully considered the record, applicable law, and is otherwise fully advised in the premises.

### Background and Undisputed Facts

On August 16, 1990, Defendant Scott Reisman executed a promissory note to secure a Federal Family Education Loan ("FFEL") Program Consolidation loan from Sallie Mae.  FFEL loans provide funds from private lenders that are guaranteed by guaranty agencies which are reinsured by the U.S. Department of Education.  FFEL loans are made under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended 20 U.S.C. 1071 *et seq*.  This consolidation

---

    [1] *See* Notice of Summary Judgment issued on May 22, 2012, in accordance with *Griffith v. Wainwright*, 772 F.2d 822, 824 (11th Cir. 1988).

loan was disbursed for $49,683.86 on November 7, 1991, at 9 percent interest per annum.  *See* DE 14, Ex. C.

From November 7, 1991 through October 2, 1998, Defendant paid a total of $20,037.03 to the servicer, Sallie Mae.  Of these payments, $19,626.41 was applied to interest and $410.62 was applied to principal.  The Defendant requested and received seven deferments/forbearances from 12/19/1991 to 06/19/1992, from 10/20/1993 to 04/19/1994, from 04/20/1994 to 10/19/1994, from 04/20/1996 to 10/19/1996, from 7/20/1997 to 11/19/1997, from 09/20/1998 to 09/19/1999, and from 09/20/1999 to 09/19/2000.  *See* DE 14-2 at 24.  Interest was capitalized after each of the deferments/forbearances for a total of $27,012.75 in interest.

The Defendant defaulted on this consolidation loan on November 14, 2001.  When a borrower defaults in repaying his loan to the private lender, the guaranty agency pays on the claim of the holder of the loan pursuant to its guarantee commitment.  The holder of the loan may be either the original lender or another eligible financial institution to whom the loan was assigned and which took an assignment of the loan.  34 C.F.R. § 682.401(b)(9).

Due to Defendant's default, the guaranty agency, Illinois Student Assistance Commission ("ISAC"), paid a claim in the amount of $84,115.86.[2]  Interest has been

---

[2] Pursuant to 34 C.F.R. 682.410(b)(4), once the guarantor pays on a default claim, the entire amount due becomes due to the guarantor as principal.  A total of $34,431.86 in interest was capitalized and added to the principal balance, making the new principal balance $84,115.86.

accruing at the rate of 9% per annum on the principal balance of $84,115.86 since the guarantor claim paid date of November 15, 2001. On July 6, 2007, Defendant's loan was transferred to the U.S. Department of Education with the principal sum of $84,115.86, and unpaid interest in the amount of $36,583.7821.

On November 29, 2010, the United States Department of Justice mailed Defendant a letter advising him that his account had been referred to the United States Attorney Office/Florida-Southern Private Counsel Office David E. Newman, P.A. to initiate legal action for the collection of his debt.  On December 3, 2010, a demand letter was mailed to Defendant.  Defendant failed to reach a satisfactory resolution of this matter with Plaintiff's counsel and the instant lawsuit was filed.

Defendant filed an Answer wherein he admits that a significant amount of money is owed and that he has made payments toward this debt for several years. Defendant questions the principal balance and the interest rate being sought and also claims that a prior judgment may have already been entered regarding the debt at issue in this case.  DE 7.  Defendant did not provide any record evidence of his own.

Plaintiff responded that it has no record of any lawsuit having been filed against Defendant regarding this consolidation loan or of any judgment being entered against Defendant regarding this loan.  After application of all payments, the balance owed by Defendant to the United States Department of Education as of March 5, 2012 was $165,286.26 ($84,115.86 in principal and $81,170.40 in interest), plus service of process costs of $30.00 and reasonable attorney's fees.  Interest continues to accrue

at the rate of $20.73 per day.

**Standard of Review**

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn from it in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

The Court is required to consider the merits of the motion despite a lack of response by Defendant, *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008), and must ensure the motion itself is supported by evidentiary materials. *See United States v. One Piece of Real Property Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004); *see also Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a

genuine issue of material fact.") In the instant matter, summary judgment against the student borrower is appropriate as the undisputed factual evidence supports the allegations set forth in the Complaint.

## Discussion

The record evidence demonstrates that there is no genuine issue of material fact in dispute. The Defendant's Answer [DE 7] does not defeat the Plaintiff's Motion for Summary Judgment. It raises no defenses and presents no specific facts showing the principal balance or interest rate sought by Plaintiff is incorrect. The interest rate on this loan was disclosed to Defendant on the Disclosure Statement, and Defendant made payments that acknowledge and admit the debt, which includes the interest rate. DE 14, Ex. C attached to Ex. 1. Defendant's request that the Court alter the interest rate on the note to be more commensurate with current levels must, regrettably, be denied. The Court has no authority to rewrite the terms of a contract to make them more favorable to one side. Absent any legal defenses and legitimate factual disputes, Plaintiff is entitled to judgment as a matter of law which includes $84,115.86 of unpaid principal, and $83,476.69 of unpaid interest as of June 25, 2012, for a total of $167,592.55. Plaintiff also seeks reimbursement of $30.00 for service of summons and for its attorneys fees.

## Conclusion

In accordance with the conclusions made above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Summary Judgment [DE 14] **is GRANTED**. In accordance with Fed. R. Civ. P. 58, final judgment will be entered by separate order. Any pending motions are denied as moot. This case is CLOSED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of June, 2012.

                                          KENNETH A. MARRA
                                          United States District Judge